### UNITED STATES v. ROSENSTEIN et al.

(Circuit Court of Appeals, Second Circuit. November 15, 1899.)

#### No. 22.

CUSTOMS DUTIES—CLASSIFICATION—PICKLED HERRINGS.

The first part of paragraph 258 of the tariff act of 1897 covers only the choicer articles of small fish when "packed in oil or otherwise in bottles, jars, tin boxes or cans," and fish of the herring family, pickled and put up in kegs, are not dutiable under such paragraph, but under paragraph 260, as pickled herrings.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the circuit court, Southern district of New York (91 Fed. 637), affirming a decision of the board of general appraisers which reversed a decision of the collector of the port of New York.

Harry P. Disbecker, for the United States.

Albert Comstock, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The merchandise was imported under the tariff act of July, 1897. The relevant paragraphs are:

"Par. 258. Fish known or labelled as anchovies, sardines, sprats, bristlings, sardels, or sardellen, packed in oil or otherwise, in bottles, jars, tin boxes or cans, shall be dutiable as follows: When in packages containing seven and one-half cubic inches or less, one and one-half cents per bottle, jar, box or can; containing more than seven and one-half and not more than twenty-one cubic inches, two and one-half cents per bottle, jar, box or can; containing more than twenty-one and not more than thirty-three cubic inches, five cents per bottle, jar, box or can; containing more than thirty-three and not more than seventy cubic inches, ten cents per bottle, jar, box or can; if in other packages, forty per centum ad valorem. All other fish, (except shellfish), in tin packages, thirty per centum ad valorem; fish in packages containing less than one-half barrel, and not specially provided for in this act, thirty per centum ad valorem."

"Par. 260. Herrings, pickled or salted, one-half of one cent per pound; herrings, fresh, one-fourth of one cent per pound."

The record is exceptionally meager as to the character of the importation. Neither the protest, nor the appraiser's return, nor the evidence, nor the finding of the board discloses what fish it is, of what size, or how it is made. From a reference in the opinion of the board to Rosenstein v. U. S. (C. C.) 71 Fed. 949, and from the argument, however, we are no doubt justified in assuming that the merchandise

is the same as that which was before the circuit court in that case, and which was thus described:

"It is undisputed that the fish belong to the genus known as 'herrings.' That they are herrings is established beyond doubt. They are put up in a preparation of vinegar and spices. Some vegetables—such as onions and carrots—are also added to the mixture. Unquestionably the fish are pickled, and the only question is whether or not the addition of the vegetables in small quantities changes their character."

The customs officers originally classified this importation, which came in small kegs, under the clause of paragraph 258, which provides for fish in packages containing less than one-half barrel, and not specially provided for in this act. Manifestly this was an erroneous classification, since the fish, if not elsewhere found, is specifically provided for as "herrings, pickled or salted." The government has apparently abandoned this part of its claim, and now contends that it is dutiable as sardines, under the same paragraph (258). The opinion of the board refers to the merchandise as "pickled Russian sardines." There is no evidence, however, that they are thus known commercially; indeed, the importer testified that the commercial name is "pickled fish of Russen." How it was labeled does not appear. The sample put in evidence before the board was not presented on the argument.

We are of the opinion that the first part of paragraph 258 covers only the choicer articles which are put up in bottles, jars, tin boxes, or cans. The structure of the sentence indicates this quite strongly. Having enumerated the kinds of fish, the style of packing, and the character of the package (bottle, jar, tin box, or can), the writer, after a colon, introduces with a capital letter a distribution of these packages by cubic capacities, using the phrases "packages containing" $7\frac{1}{2}$ cubic inches and under, $7\frac{1}{2}$ to 21 cubic inches, etc., and concluding with the words "if in other packages, forty per centum ad valorem." It would seem that the phrase "other packages" was used to mean packages other than those containing $7\frac{1}{2}$ cubic inches, 21 cubic inches, etc., and not at all in contradistinction to the description of the style and character of packing which is expressed in the first part of the sentence, preceding the colon and the capital, viz. "packed in oil or otherwise, in bottles, jars, tin boxes or cans." Since they are not so packed, the fish imported here, even if they be small herrings,—and there is no evidence as to their size,—are not covered by paragraph 258.

The decision of the circuit court is affirmed.