## MEYER & LANGE v. UNITED STATES.

### REISS & BRADY v. SAME.

(Circuit Court, S. D. New York. February 20, 1900.)

Nos. 2,775 and 2,776.

1. CUSTOMS DUTIES—CLASSIFICATION—SALTED FISH IN WOODEN PACKAGES—REPUGNANT PROVISIONS.

Held, that the provision in paragraph 258, Schedule G, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1650), for "fish in packages containing less than one-half barrel," and the provision in paragraph 261, Schedule G, § 1, c. 11, of said act, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), for "fish, * * * salted or otherwise prepared for preservation," are, as to salted fish (sardels) in wooden packages, equally specific, and that, under section 7 of said act, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), which provides that, "if two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates," the merchandise in question is properly dutiable at whichever of the rates specified in the two provisions is the higher.

Appeals by the importers, Meyer & Lange and Reiss & Brady, from a decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs on certain importations at the port of New York.

The opinion of the board (In re Meyer et al., G. A. 4160) follows:

Wilkinson, General Appraiser. The goods are sardels in salt, packed in wooden packages known as anchors, and one-eighth anchors and one-tenth anchors. They were assessed for duty at 40 per cent. under paragraph 258, Schedule G, § 1, c. 11, Act July 24, 1897, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1650), and are claimed to be dutiable at one-half cent per pound under paragraph 260, Schedule G, § 1, c. 11, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), at three-fourths or 1¼ cents under paragraph 261, Schedule G, § 1, c. 11, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), or at 30 per cent. under paragraph 258.

Paragraph 258 reads as follows, the four divisions being arbitrary:

"[1] Fish known or labeled as anchovies, sardines, sprats, brislings, sardels, or sardellen, packed in oil or otherwise, in bottles, jars, tin boxes or cans, shall be dutiable as follows: When in packages containing seven and

one-half cubic inches or less, one and one-half cents per bottle, jar, box or can; containing more than seven and one-half and not more than twenty-one cubic inches, two and one-half cents per bottle, jar, box or can; containing more than twenty-one and not more than thirty-three cubic inches, five cents per bottle, jar, box or can; containing more than thirty-three and not more than seventy cubic inches, ten cents per bottle, jar, box or can; [2] if in other packages, forty per centum ad valorem. [3] All other fish (except shell-fish), in tin packages, thirty per centum ad valorem; [4] fish in packages containing less than one-half barrel, and not specially provided for in this act, thirty per centum ad valorem."

The importers contend that the words "other packages" under our second heading should be construed to mean "other measurements." While the diction is not clear, and a strict rhetorical construction might give some weight to the importers' claim, a reference to previous tariffs will, in our opinion, show that the words mean just what they say.

The corresponding provision of the tariff act of October 1, 1890, Schedule G, c. 1244, § 1, par. 291 (26 Stat. 586), was for "anchovies and sardines, packed in oil in tin boxes measuring," etc., "when imported in any other form, forty per centum ad valorem." This paragraph was exactly reproduced in paragraph 208, Schedule G, § 1, c. 349, of the act of August 24, 1894 (28 Stat. 523). Under neither of these acts was there any question as to the words "imported in any other form," and we believe it was the intention of Congress to make the same provision in the act of 1897. In each of the three tariffs the words, "if imported in any other form," or "if in other packages," are separated from the preceding provisions only by a semicolon. We construe the paragraph to provide 40 per cent. for the fish named when in other packages than bottles, jars, tin boxes, or cans, or if in any packages containing more than 70 cubic inches. The assessment of duty is affirmed accordingly.

On the trial in the Circuit Court the point was raised that, if the fish in question were not dutiable as assessed, they were then included with equal specificness within the provision in paragraph 258 for "fish in packages containing less than one-half barrel, and not specially provided for," and that in paragraph 261 for "fish, * * * salted, pickled, * * * or otherwise prepared for preservation, not specially provided for," and that, therefore, their classification under these two provisions should be controlled by section 7, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), which provides that, "if two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates."

Albert Comstock, for importers.
H. P. Disbecker, Asst. U. S. Atty.

LACOMBE, Circuit Judge (orally). Any suggestion that the 40 per cent. clause of paragraph 258 applies is disposed of by the decision of the Circuit Court of Appeals in the Rosenstein Case, 39 C. C. A. 122, 98 Fed. 420. As to the other proposition—that is, whether the articles should pay duty as "fish in packages containing less than one-half barrel, and not specially provided for," or under paragraph 261, as "fish, * * * salted, pickled, * * * or otherwise prepared for preservation, not specially provided for"—I am free to say that I am unable to determine between those two sections as to which is more specific. I find no satisfactory ground upon which to differentiate the two. Inasmuch as both of them end, "not specially provided for in this act," there is no help such as we would get from the absence of

that clause if it were omitted. I am forced to the conclusion that this is one of the few cases in the act where two or more rates of duty are, by the language used by Congress, made applicable to the same imported article. In such case, from the beginning of time, it used to be that the lower of such rates should be applied, until the advent of the last tariff act, by which it is required that the higher of the two rates should be applied. I do not know which is the higher of these two. I presume it is paragraph 261 in this case.

Mr. Comstock: I presume otherwise, but I cannot inform you specifically on that point now.

The Court: That being so, the decision of the Board of General Appraisers, which fixed it at 40 per cent., is reversed, and the court directs that the assessment be under whichever of the two paragraphs, 258 and 261, fixes the higher rate.