LOGGIE et al. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. April 21, 1905.)

No. 1,655.

1. CUSTOMS DUTIES—CLASSIFICATION—FISH IN PACKAGES LESS THAN ONE-HALF BARREL—FROZEN FISH.

*Held*, that frozen fish imported in packages containing less than one-half barrel are dutiable under the provision in paragraph 258, Tariff Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1650], for "fish in packages containing less than one-half barrel, and not specially provided for," rather than under that in paragraph 261 of said act, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], for "fish, fresh, * * * frozen, packed in ice, or otherwise prepared for preservation, not specially provided for."

2. SAME—SPECIFIC DESIGNATION—TWO OR MORE RATES APPLICABLE.

The provision in section 7, Tariff. Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1694], that merchandise to which "two or more rates of duty shall be applicable * * * shall pay duty at the highest of such rates," *held* not to apply in a case where one paragraph provides an ad valorem and the other a specific rate.

3. SAME—TARIFF PROVISIONS—PRESUMPTION OF RELATION TO EXISTING COURSE OF BUSINESS.

It is to be presumed that every provision of a customs act classifying merchandise has relation to some existing course of business.

Appeal from the Circuit Court of the United States for the District of Maine.

This appeal relates to an affirmance by the Circuit Court for the district of Maine of a decision of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of Bangor on Merchandise imported by A. & R. Loggie. Note Harvey v. United States (C. C.) 137 Fed. 816.

Albert H. Washburn (Comstock & Washburn, on the brief), for appellants.

Isaac W. Dyer, U. S. Atty.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This appeal relates to fresh frozen smelts packed and imported in boxes, each box containing less than one-half barrel. The Board of General Appraisers and the Circuit Court decided against the importers, who appealed to us. The issue is as between paragraph 258 and paragraph 261 of the customs act of July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, pp. 1650, 1651], which paragraphs are as follows:

"Par. 258. Fish known or labeled as anchovies, sardines, sprats, brislings, sardels, or sardellen, packed in oil or otherwise, in bottles, jars, tin boxes or cans, shall be dutiable as follows: When in packages containing seven and one-half cubic inches or less, one and one-half cents per bottle, jar, box or can; containing more than seven and one-half and not more than twenty-one cubic inches, two and one-half cents per bottle, jar, box or can; containing more than twenty-one and not more than thirty-three cubic inches, five cents per bottle, jar, box or can; containing more than thirty-three and not

more than seventy cubic inches, ten cents per bottle, jar, box or can; if in other packages, forty per centum ad valorem. All other fish (except shell-fish), in tin packages, thirty per centum ad valorem; fish in packages containing less than one-half barrel, and not specially provided for in this Act, thirty per centum ad valorem."

"Par. 261. Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice or otherwise prepared for preservation, not specially provided for in this Act, three fourths of one cent per pound; fish, skinned or boned, one and one-fourth cents per pound; mackerel, halibut or salmon, fresh, pickled or salted, one cent per pound."

The United States rely on the closing words of paragraph 258, as follows: "Fish in packages containing less than one-half barrel, and not specially provided for in this act, thirty per centum ad valorem." The importers claim that under paragraph 261 the importation should pay a duty of three-fourths of one cent per pound. The United States, in support of their contention, cite Meyer & Lange v. United States (C. C.) 124 Fed. 293. That was based on the seventh section of the customs act of 1897 (30 Stat. 205 [U. S. Comp. St. 1901, p. 1694]), re-enacted from prior statutes, which provides that, if two or more rates of duty shall be applicable to any imported article, it shall pay duty at the highest of such rates. This agrees with the decision of the Board of General Appraisers on the appeal of Platt & Co., of December 18, 1903 (24,848 —G. A. 5,514), and also with its decision in the present case. The difficulty in applying this proposition, however, is that the paragraph on which the United States rely lays an ad valorem duty, while that on which the importers rely lays a specific duty; so it is impossible to say that there would be any practical uniformity as to the relative amounts of duties assessed under the two provisions, to which the seventh section could apply. For example, in the present case the duty on the appeal of February 11, 1904, as claimed by the importers, is $24.55, and as claimed by the United States, $30. Yet, on other kinds of fish of less invoice value than smelts, the duty under the paragraph on which the United States rely might be smaller than the duty under that on which the importers rely, and the same might follow from a change in the market. As it cannot reasonably be maintained that the intention of Congress was that the same article should be interchangeably classified under these different paragraphs according to changes in the markets, section 7 is not useful for the purposes of this appeal.

Several other decisions have been cited to us, but they are somewhat contradictory, and neither authoritative nor satisfactory.

Paragraph 258 cannot be said to have its prototype in previous legislation on account of the intervention of the Wilson act of August 28, 1894, which was not in harmony with the policy of either the act of October, 1890, or the act of July 24, 1897, with reference to duties on imported fish. This paragraph is substantially a new enactment, so that its construction on the issue before us cannot be determined by any historical examination of prior legislation or by any settled practice of the Treasury. We think, however, that

the intent of Congress, as shown by it, is free from reasonable doubt.

It is known that there is, and has been, a recognized. course of business, in that fish like those on this appeal are at times imported in special packages of one-half barrel or less, and the peculiar closing phraseology of paragraph 258 has appropriate relation to it. What immediately precedes the portion of paragraph 258 relied on by the United States provides generally for fish "in tin packages," except.shellfish. Then comes the clause relating to packages containing less than one-half barrel, which are assessed the same rate of duty as fish in tin packages, and the whole in the same breath. Consequently, except for the words "and not specially provided for in this act," it could not be fairly claimed that, barring only the special nature of the package, the clause is any less comprehensive than what precedes it. Therefore the only question arises from the words last quoted. The importers claim that they have relation to paragraph 261.. That may be true so far as "fish, skinned or boned," and "mackerel, halibut, or salmon, fresh, pickled, or salted," are concerned; but the prior portion of paragraph 261, on which the importers rely, contains no specific provision in the sense of the expression in paragraph 258, "not specially provided for," because that covers not only frozen fish, but fresh fish, fish prepared for preservation in any form, fish smoked, dried, salted, pickled, or packed in ice. Therefore, it is so sweeping that, on the construction of the act insisted on by the importers, they are unable to point out any class of fish to which the provision relative to fish in packages containing less than one-half barrel can have any reference unless to importations of the character before us. They suggest that it may have reference to shellfish, but this is on its face trivial and inefficient, and especially so in view of the fact that nobody pretends that shellfish are ever imported in packages described in the portion of paragraph 258 on which the United States rely. Indeed, it is impracticable to give the words, "fish in.packages containing less than one-half barrel," any effect unless we can do so on this appeal. Therefore, and also because of the presumption that every provision of a customs act classifying merchandise has relation to some existing course of business, and because we find, as we have said, a course of business to which the closing words of paragraph 258 are peculiarly appropriate, we conclude that the decision of the Circuit Court was correct.

The decree of the Circuit Court is affirmed.