STROHMEYER & ARPE CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

No. 146 (5,393).

CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—SARDINES IN LARGE TINS—NOSCITUR A SOCIIS—"OTHER PACKAGES."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 258, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1650), relating to sardines "in bottles, jars, tin boxes, or cans" of various small sizes not exceeding 70 cubic inches, also "in other packages," the doctrine of noscitur a sociis is not to be so applied as to limit the latter phrase to packages of a retail size, and thus exclude sardines in large tins dealt in at wholesale.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York, affirming a decision of the Board of General Appraisers, which sustained the action of the collector in assessing duty on certain sardines packed in tins of a capacity of over 70 cubic inches.

For decision below, see 172 Fed. 295.

Brown & Gerry (James L. Gerry, of counsel, and Allan R. Brown, on the brief), for appellant.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker, Sp. Atty., of counsel), for United States.

Before LACOMBE and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The sole relevant paragraph is paragraph 258:

"Fish known or labeled as anchovies, sardines, sprats, brislings, sardels or sardellen, packed in oil or otherwise, in bottles, jars, tin boxes or cans, shall be dutiable as follows: When in packages containing seven and one-half cubic inches or less, one and one-half cents per bottle, jar, box or can; containing more than seven and one-half and not more than twenty-one cubic inches, two and one-half cents per bottle, jar, box or can; containing more than twenty-one and not more than thirty-three cubic inches, five cents per bottle, jar, box or can; containing more than thirty-three and not more than seventy inches, ten cents per bottle, jar, box or can; if in other packages, forty per centum ad valorem. All other fish (except shellfish), in tin packages, thirty per centum ad valorem; fish in packages containing less than one-half barrel, and not specially provided for in this act, thirty per centum ad valorem."

The provisions as to sardines in this paragraph are comprehensive. When packed in bottles, jars, tin boxes, or cans of various specified sizes, various specific duties are imposed; when they are in other packages, a general ad valorem duty is applied. The phrase "in other packages" is broad enough to cover packages of the same class as those enumerated and also packages of a different class—wooden boxes, wicker baskets, or what not. In United States v. Rosenstein, 98 Fed. 420, 39 C. C. A. 122, we expressed the opinion that this phrase

applied only to a variation in the size of the container, not in its material or character. In that case the importations were herrings, which are not within the enumeration of the first part of paragraph 258, and the construction suggested was not essential to the decision; but, even if the words "other packages" be thus narrowly construed, they are broad enough to cover the importations in this case, which are in tin packages exactly like those specified in the paragraph, except that they are larger. Being expressly covered by the provisions as to sardines, they cannot come within the last clause of the paragraph:

"Fish in packages containing less than one-half barrel and not specially provided for in this act."

The importer asks us practically to amend the act by altering the phrase so as to read "other retail packages," upon the testimony showing that packages of the sizes specified (under 70 cubic inches) are usually sold to the housekeeping consumer, while larger packages are bought by grocers and delicatessen storekeepers, who keep the open can on their shelves and sell small lots of fish from it to consuming purchasers. To do so would be to carry the somewhat overworked rule "noscitur a sociis" to a ridiculous conclusion. There is nothing to show that Congress had in mind any distinction between wholesalers and retailers when it framed this paragraph.

Decision affirmed.