CHEE CHONG & Co. *et al. v.* UNITED STATES (No. 1471).[1]

SALT FISH IN TINS.

The merchandise is fish, salted, and is at the same time fish in tin packages, and it was covered by both paragraphs 270 and 273, tariff act of 1909. As to which of these apply the more specifically seems to have been determined by judicial interpretation, an interpretation that appears to have received legislative approval. Salt fish in tins was not subject to the duty imposed by paragraph 273 of that act, but was classifiable as "other fish (except shellfish) in tin packages" under para-graph 270.

United States Court of Customs Appeals, March 3, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36300 (T. D. 34727) and G. A. 7602 (T. D. 34788).

[Affirmed.]

*Jules Chopak, jr.,* for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Fish fried in lard and packed in tins with salt was classified by the collector of customs at the port of San Francisco as "other

[1] Reported in T. D. 35194 (28 Treas. Dec., 348).

fish in tins" and was assessed for duty at 30 per cent ad valorem under the provisions of paragraph 270 of the tariff act of 1909, which paragraph reads as follows:

270. Fish (except shellfish) by whatever name known, packed in oil, in bottles, jars, kegs, tin boxes, or cans, shall be dutiable as follows: When in packages containing seven and one-half cubic inches or less, one and one-half cents per bottle, jar, keg, box, or can; containing more than seven and one-half and not more than twenty-one cubic inches, two and one-half cents per bottle, jar, keg, box, or can; containing more than twenty-one and not more than thirty-three cubic inches, five cents per bottle, jar, keg, box, or can; containing more than thirty-three and not more than seventy cubic inches, ten cents per bottle, jar, keg, box, or can; all other fish (except shellfish) in tin packages, thirty per centum' ad valorem; fish in packages containing less than one-half barrel, and not specially provided for in this section, thirty per centum ad valorem; caviar, and other preserved roe of fish, thirty per centum ad valorem.

The importers claimed by their protest duly filed that the importation was dutiable at one-half of 1 cent per pound under paragraph 272, or at three-fourths of 1 cent per pound, or 1 cent per pound, or 1¼ cents per pound under the provisions of paragraph 273 of said act.

The paragraphs upon which the importers relied in their protest were as follows:

272. Herrings, pickled or salted, smoked or kippered, one-half of one cent per pound; herrings, fresh, one-fourth of one cent per pound; eels and smelts, fresh or frozen, three-fourths of one cent per pound.

273. Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice or otherwise prepared for preservation, not specially provided for in this section, three-fourths of one cent per pound; fish, skinned or boned, one and one-fourth cents per pound; mackerel, halibut, or salmon, fresh, pickled, or salted, one cent per pound.

The Board of General Appraisers overruled the protest and the importers appealed.

At the hearing before the board no evidence was introduced in support of the claim that the fish were herrings dutiable under paragraph 272, and consequently that ground of objection to the collector's assessment must be disregarded as without merit.

The testimony submitted by the importers was to the effect that the merchandise imported was fish which had been fried in lard, *salted*, and packed in tins *with salt.* This evidence was uncontradicted and brings the goods within the operation of paragraph 273, unless the provision of paragraph 270 for "all other fish (except shellfish) in tin packages" is applicable to the importation.

The importers contend, first, that paragraph 270 is limited in its operation to fish packed in oil and that therefore the fish in controversy, which is not put up in oil, can not be subjected to the duty thereby imposed; second, that as salted fish is imported in tin packages only, such fish should be excluded from classification as fish in tin packages under paragraph 270, in order to give some effect to that part of paragraph 273 which provides for fish salted; third, that

if the merchandise be within the description of both paragraphs, it is more specifically provided for as fish salted than as fish in tin packages, and is therefore dutiable under paragraph 273 rather than under paragraph 270 as held by the board.

None of the contentions is very convincing, and it does not appear to us that any of them offers any real reason for questioning the correctness of the decision reached by the board.

We think that paragraph 270 provides, first, for fish (except shellfish) packed in oil in certain classes and sizes of containers; second, for all other fish (except shellfish) in tin packages, whether packed in oil or not; third, for fish in packages containing less than one-half barrel, and not specially provided for, and whether packed in oil or not; and, fourth, for caviar and other preserved roe of fish, whether packed in oil or not. See *In re* Chesebro (T. D. 26646), United States *v.* American Express Co. (2 Ct. Cust. Appls., 95–99; T. D. 31636).

The restrictive words "packed in oil" in the first clause of paragraph 270 apply to all fish by whatever name known (except shellfish) packed in certain sizes of bottles, jars, kegs, tin boxes, and cans. The several sizes subject to the qualifying phrase "packed in oil" are specifically enumerated, and when the enumeration ends the qualification ends with it. There is nothing in the language of any of the clauses following the enumeration which affords the slightest evidence of a legislative intent to confine them to fish in oil, and from that it results that fish salted is within the language of the provision for "all other fish (except shellfish) in tin packages," and is not exclusively provided for by paragraph 273.

We have carefully examined the record and find no evidence whatever showing or tending to show that fish salted or prepared for preservation can be imported in tin packages only. The importers' second contention seems to be based, therefore, on a mere assumption, and, as it is wholly unsupported by the evidence in the case, we must decline to give it further consideration.

The merchandise in controversy is fish salted and is at the same time fish in tin packages. Consequently, the importation is covered not only by the tariff description of paragraph 273, but also by paragraph 270, and were either paragraph omitted the goods might very properly be classified for duty under the other. Both paragraphs, however, are in full force and effect, and as they carry different rates of duty but one of them can be applied to the merchandise. Which of the two should be applied depends on which of the two more specifically describes the goods, and that issue seems to have been settled, in principle, in favor of paragraph 270, by a judicial interpretation of similar provisions, which interpretation appears to have received legislative approval. Paragraph 258 of the tariff act of 1897 laid a duty of 30 per cent ad valorem on "all other fish (except shellfish) in

tin packages'' and on ''fish in packages containing less than one-half barrel, and not specially provided for.'' Paragraph 261 of the tariff act of 1897 imposed a duty of three-fourths of 1 cent per pound on ''fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice, or otherwise prepared for preservation.'' While those provisions were in force, fresh frozen smelt, packed in boxes containing less than half a barrel and imported into the country were assessed for duty at 30 per cent ad valorem as fish in packages containing less than one-half barrel and not specially provided for.

The importers claimed that the goods were fresh fish frozen, dutiable at three-fourths of 1 cent per pound. The Circuit Court of Appeals for the First Circuit held that the construction contended for by the importers would make paragraph 261 so sweeping that nothing would be left to which that part of paragraph 258, providing for fish in packages containing less than one-half barrel might be applied. The court, therefore, excluded the fresh frozen smelt from the operation of paragraph 261 and held, in effect, that paragraph 261 was less specific than the provision under which the goods had been assessed for duty. Loggie *v.* United States (137 Fed., 813).

The clause of paragraph 258 under which the smelt were assessed for duty, and the clause of paragraph 261 under which the goods were claimed to be dutiable by the importers, were reenacted in paragraphs 270 and 273 of the tariff act of 1909, and their reenactment, we think, must be regarded as an approval by Congress of the interpretation put upon them by the Circuit Court of Appeals in the Loggie case.

If the provision for fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice or otherwise prepared for preservation, not specially provided for, was less specific than the provision for ''fish in packages, containing less than one-half barrel, and not specially provided for,'' certainly it must be held to be less specific than the provision for ''all other fish (except shellfish) in tin packages,'' which provision, by the way, does not contain the limitation incorporated in the clause for fish in half barrels.

The claim of importers' counsel that the principle laid down in Loggie *v.* United States has been overruled by this court is not sustained by the cases to which he calls attention. Those cases involved not the question of whether the provision for fish, fresh, smoked, dried, salted, pickled, etc., was more specific than the provision for fish in tin packages, but the question of whether certain clauses of the tariff law designating by name a particular kind of fish should not prevail over a provision which, in general terms, related to fish in tin packages. A reading of the cases cited shows very clearly not only that the question there disposed of was distinctly different from that raised by the pending appeal, but also that the principle laid

down in the Loggie case was neither expressly nor impliedly overruled by this court.

It seems to us that fish in tins must of necessity be in one or other of the conditions specified in paragraph 273. Should that paragraph, therefore, be accepted as the more specific, the clause of paragraph 270 which provides for fish in tins would become mere surplusage, inasmuch as there would be nothing left upon which that particular part of the paragraph might operate. We can not think that Congress intended any such result as that, and as the competing provisions are open to a reasonable construction which will give effect to both, and not nullify either, we are of opinion that in accordance with well-settled rules of interpretation that construction should be adopted.

We therefore hold that salt fish in tins is not subject to the duty imposed by paragraph 273, but should be classified as "other fish (except shellfish) in tin packages" under paragraph 270.

The decision of the Board of General Appraisers is *affirmed*.