TOKSTAD-BURGER CO. *v.* UNITED STATES (No. 1564).[1]

FISH, SKINNED OR BONED, AND PACKED.

Boned or skinned fish, packed in tin packages, but. not in oil or in oil and other substances, is dutiable as " all other fish * * * in tin packages," at 15 per cent ad valorem under the second clause of paragraph 216, tariff act of 1913, and not at three-fourths of 1 per cent per pound as " fish, skinned or boned," under the last clause.

United States Court of Customs Appeals, December 6, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7720 (T. D. 35365). [Affirmed.]

*B. A. Levett* for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty* and *Harry M. Farrell,* special attornels, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph 216 of the tariff act of 1913, which we understand contains all the provisions fixing duty upon fish, reads as follows:

216. Fish, except shellfish, by whatever name known, packed in oil or in oil and other substances, in bottles, jars, kegs, tin boxes, or cans, 25 per centum ad valorem; all other fish, except shellfish, in tin packages, not specially provided for in this section, 15 per centum ad valorem; caviar and other pre-served roe of fish, 30 per centum ad valorem; fish, skinned or boned, three-fourths of 1 cent per pound.

In the free list of the same act are found the following provisions:

483. Fresh-water fish, and all other fish not otherwise specially provided for in this section.
598. Shrimps, lobsters, and other shellfish.

In paragraph 561, last clause, referring to American fisheries, free entry is given to " all fish and other products of such fisheries."

The single question here presented is whether fish concededly skinned or boned, packed in tin packages, but not in oil or in oil and other substances, is dutiable at 15 per cent ad valorem under the second clause of paragraph 216 or at three-fourths of 1 cent per pound under the last clause of said paragraph.

The Board of General Appraisers, sustaining the collector, held that the rate of 15 per cent ad valorem was applicable.

It is manifest that by this paragraph Congress was undertaking to consolidate the fish-duty paragraphs of the preceding act and to en-

---

[1] Reported in T. D. 35981 (29 Treas. Dec., 725).

large the scope of the free-entry provisions. If packed in oil or in oil and other substances, fish, except shellfish, imported in bottles, jars, kegs, tin boxes, or cans, pay the highest rate; with the same exception, if not packed in oil or in oil and other substances, and if imported in tin packages, it pays the next lower rate; and if skinned or boned the named specific rate, which, for the purposes of this case, doubtless is a rate less than the 15 per cent ad valorem, although whether this would be the general result we are not advised; while shellfish, all fish not dutiable under paragraph 216, and all fish the product of American fisheries seem entitled to free entry regardless of the method of packing or the container thereof.

It is noticeable that the second clause of paragraph 216 seems to have regard particularly for the *material* of the container in which the fish is packed, viz, tin, while the first clause includes those made of tin as well as other materials if the containers are of the style or kind named.

The merchandise here is confessedly in tin packages and therefore is within the precise description of the second clause of the paragraph unless excluded therefrom by the expression, " not specially provided for in this section," as the importers contend. We think this clause must be construed, so far as it relates to the issue here, as if it read " all other fish in tin packages, not specially provided for in this section." The importers' claim however is, as we understand it, that it should be construed as if it read " all other fish, not specially provided for in this section, in tin packages," from which it is argued that fish, skinned or boned, being thus specially provided for, is not, although packed in tin packages, dutiable as so packed.

Adopting the interpretation we think obtains, the words " fish, skinned or boned " do not operate to bring the merchandise here within the n. s. p. f. provision of the second clause, because the last clause is not limited to fish, skinned or boned, *in tin packages*. In other words, " fish in tin packages " more closely describes the merchandise in this case than does " fish, skinned or boned." Smith *v.* United States (5 Ct. Cust. Appls., 40; T. D. 34008).

In this view it seems unnecessary to extend the inquiry for the purpose of ascertaining what fish in tin packages is specially provided for.

This interpretation gives an opportunity for the last clause of the paragraph to be invoked when fish is skinned or boned and is not imported in tin packages and avoids a seeming incongruity in admitting at the same rate of duty fish packed in tin packages and fish not so packed, which Congress manifestly upon the whole was undertaking amongst other things to prevent.

The judgment of the Board of General Appraisers is *affirmed.*