PARODI, ERMINIO & CO. *v.* UNITED STATES (No. 1869).[1]

1. CONSTRUCTION, PARAGRAPH 216, TARIFF ACT OF 1913—"FISH * * * PACKED IN OIL OR IN OIL AND OTHER SUBSTANCES"—"TIN PACKAGES"—AIDED BY CONTEXT.

By the language of paragraph 216, tariff act of 1913, "Fish * * * packed in oil or in oil and other substances, in bottles, jars, kegs, tin boxes or cans * * *; all other fish * * * in tin packages," it was not the intention of Congress to have the first clause apply to *small or retail packages* and the second to *large or wholesale packages,* but rather to have the first clause apply to fish *in oil or in oil and other substances* and the second to fish *not in oil or oil and other substances.* Otherwise, wholesale packages of fish packed in oil in bottles, jars, and kegs would be excluded from the paragraph, with the result that they would be admissible free of duty under paragraph 483.

2. FISH IN LARGE TINS.

Tunny fish cut into large cross sections, packed in oil in tin packages of 5, 12, and 22 pounds capacity, is dutiable under paragraph 216, tariff act of 1913, not as fish in tin packages, but as fish in oil in tin boxes or cans.

United States Court of Customs Appeals, May 7, 1918.

APPEAL from Board of United States General Appraisers, G. A. 8086 (T. D. 37312).

[Affirmed.]

*Curie, Smith & Maxwell (Thomas M. Lane* and *Albert MacClellan Barnes, jr.,* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument Apr. 18, 1918, by Mr. Lane and Mr. Lawrence.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise now upon appeal consists of tunny fish cut in large cross sections, packed in oil in tin packages of 5, 12, and 22 pounds capacity. It is practically agreed by the parties that it

---

[1] T. D. 37644 (34 Treas. Dec., 442).

is dutiable under one or the other of the two following enumerations of paragraph 216, tariff act of 1913, to wit:

216. Fish, except shellfish, by whatever name known, packed in oil or in oil and other substances, in bottles, jars, kegs, tin boxes, or cans, 25 per centum ad valorem; all other fish, except shellfish, in tin packages, not specially provided for in this section, 15 per centum ad valorem; * * *.

The collector assessed the merchandise under the first of the foregoing provisions as fish packed in oil in tin boxes or cans, dutiable at the rate of 25 per cent ad valorem. The importers protested, claiming assessment under the second of the two provisions, for all other fish in tin packages not specially provided for in the section, dutiable at the rate of 15 per cent ad valorem. Other alternative claims appear in the protest, but in view of the issue presented by the briefs these may now be disregarded.

The Board of General Appraisers heard the case upon testimony and overruled the protest. The importers appeal.

As is first above stated, the tin packages of fish now in question weigh 5, 12, and 22 pounds each, and the board in its decision entered the following findings of fact concerning them:

It is shown by the evidence and we find as facts herein:

(1) That the tunny fish imported in packages of these sizes are not sold to the retail consumer, but principally to groceries; (2) that the groceries sell the fish out of these tins in lots of various weights to the consumer and also sell smaller tins, 1 pound or less, to the consumer direct; (3) the importers also proved that the kind of fish here in question are not imported in kegs.

These findings are sustained by the evidence in the record, and they form in part the basis of our decision as they did that of the board.

The importers contend that the first enumeration in paragraph 216, supra, to wit, that for fish packed in "bottles, jars, kegs, tin boxes or cans," under which the instant assessment was made, applies only to retail packages of the several kinds named, such as are delivered with their contents to the ultimate consumer, and consequently that the present importations do not come within its terms, since, according to the foregoing findings, these are wholesale packages, the contents of which are broken up and parceled out to consumers in retail quantities. They contend, furthermore, that the provision for fish in "tin packages," contained in the second enumeration of the paragraph includes wholesale packages, and therefore governs the present importations. That is to say, the importers contrast the containers named in the first enumeration, to wit, "bottles, jars, kegs, tin boxes, or cans," with those named in the second enumeration, to wit, "tin packages," and conclude that the former were intended by Congress to apply only to retail packages of fish packed in oil or in oil and other substances, whereas the latter were to govern wholesale packages thereof.

The importers find warrant for this construction in the character of the containers so named, in a comparison of the present paragraph with the corresponding ones of former tariff revisions beginning with that of 1883, and also in the following decisions among others, which are cited by them as relevant to the issue: In re Johnson (56 Fed., 822); Kauffman *v*. United States (99 Fed., 430); Gandolphi *v*. United States (152 Fed., 656); In re La Manna, Azema & Farran, G. A. 6469 (T. D. 27681); S. C. aff'd (154 Fed., 927); S. C. aff'd (158 Fed., 1022); In re Pastene & Co., G. A. 6366 (T. D. 27345); In re Vitelli & Son, G. A. 5448 (T. D. 24733); and In re Pastene & Co., G. A. 7836 (T. D. 36034).

The following is a copy of paragraph 270, tariff act of 1909, which illustrates the reference made by the importers to the corresponding paragraphs of previous tariff revisions:

Act of 1909, paragraph 270:

Fish (except shellfish) by whatever name known, packed in oil, in bottles, jars, kegs, tin boxes, or cans, shall be dutiable as follows: When in packages containing seven and one-half cubic inches, two and one-half cents per bottle, jar, keg, box, or can; containing more than twenty-one and not more than thirty-three cubic inches, five cents per bottle, jar, keg, box, or can; containing more than thirty-three and not more than seventy cubic inches, ten cents per bottle, jar, keg, box, or can; all other fish (except shellfish) in tin packages, thirty per centum ad valorem; fish in packages containing less than one-half barrel, and not specially provided for in this section, thirty per centum ad valorem; caviar, and other preserved roe of fish, thirty per centum ad valorem.

We are not able to agree with these contentions of the importers. The provision in paragraph 216, supra, for fish (except shellfish) packed in oil or in oil and other substances, in bottles, jars, kegs, tin boxes, or cans certainly contains no express limitation upon the size of these containers, but literally includes all such containers whatever their size, in which such fish may be imported. It is true that these same containers were named by Congress in various former fish paragraphs when providing for retail packages of fish only, but in every such instance the names of the containers were followed in the law by an express limitation as to their sizes. The prior enactments furnish no indication that Congress regarded "bottles, jars, kegs, tin boxes, or cans" as containers whose names per se implied retail packages only. By a reference to paragraph 270, tariff act of 1909, supra, which was the last pertinent fish enactment prior to the present one, it will be seen that duty was imposed therein upon fish (except shellfish) packed in oil, in bottles, jars, kegs, tin boxes, or cans at different specific rates, graduated according to the sizes of the containers, commencing with $7\frac{1}{2}$ cubic inches or less and ending with 70 cubic inches. These limitations as to the sizes of the prescribed containers were, of course, express ones, and they were before Congress when it came to revise the tariff act of 1913. It is a decisive

fact that at the revision Congress, when dealing with fish (except shellfish) packed in oil or in oil and. other substances, repeated exactly the same list of containers as those named in the previous act, to wit, "bottles, jars, kegs, tin boxes, or cans," but omitted all reference to the sizes thereof. It is reasonable to conclude that this omission was designed to have the effect of comprehending within the enumeration in question all "bottles, jars, kegs, tin boxes, or cans" of fish (except shellfish) packed in oil or in oil and other substances, regardless of the size of the respective containers. We do not find anything in the context of the paragraph which militates against this view.

We are confirmed in this conclusion by the anomalous result which would follow upon the adoption of the importers' contention. It seems clear that Congress intended by means of the provisions in question to impose a higher rate of duty upon fish when packed in oil than upon similar fish when not packed in oil. But if paragraph 216, supra, be construed so as to apply to retail packages only, then all wholesale packages of fish packed in oil in bottles, jars, and kegs would be wholly excluded from its operation, with the result that they would be admitted free of duty under paragraph 483 of the act. This would follow because the second enumeration of the paragraph, alleged by the importers to be the provision for wholesale packages, provides only for fish when in tin packages and not for such as are in bottles, jars, and kegs. And while it may be true that at present fish packed in oil are not commercially imported in wholesale bottles, jars, or kegs, yet it may also be true that fish thus packed are capable of being imported in such containers and may hereafter be so imported. The unambiguous language of the governing paragraph does not favor a construction which would result in admitting fish packed in oil free of duty, if imported in so-called wholesale packages of glass, stoneware, or wood.

We have examined the reference to goods of this character in Notes on Tariff Revision, 1913, but we think nevertheless that the language of the enactment requires the foregoing interpretation. We have also examined the decisions cited by the importers, and we think that in each case the context of the terms therein in question or the particular enumerations therein placed in competition with one another furnished the basis of the cited construction. The present question is more nearly ruled by the general principles announced in United States v. Shing (173 Fed., 844), and Strohmeyer v. United States (178 Fed., 268). See also Tokstad-Burger Co. v. United States (6 Ct. Cust. Appls., 441; T. D. 35981).

The decision of the board is accordingly *affirmed*.