MEYER & LANGE *et al. v.* UNITED STATES (No. 1501).[1]

TUNNY FISH—MACKEREL.

Tariff acts are not drawn in the terms of science, but in those of commerce, presumptively the language in common use, and while the tunny fish may be a mackerel in the eye of science it can not be so classified for customs purposes, it not being popularly or commercially known as such. The fish are fish in tin packages and they were properly assessed under paragraph 270, tariff act of 1909.

## United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7635 (T. D. 34916).

[Affirmed.]

*Allan R. Brown* for appellants.

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Tunny fish put up in tins and packed in oil or sauces were classified by the collector of customs at the port of New York as "other fish in tin packages" and assessed for duty at 30 per cent ad valorem under that part of paragraph 270 of the tariff act of 1909 which reads as follows:

270. * * * All other fish (except shellfish) in tin packages, thirty per centum ad valorem.

The importers claimed in their protest that the fish were in fact mackerel, skinned and boned, and that they were therefore dutiable either at 1¼ cents per pound or at 1 cent per pound under that part of paragraph 273 of said act, which reads as follows:

273. * * * Fish, skinned or boned, one and one-fourth cents per pound; mackerel, * * * fresh, pickled, or salted, one cent per pound.

The Board of General Appraisers overruled the protest and the importers appealed.

The only real issue raised by the protest is whether the tunny fish is a mackerel for tariff purposes and therefore covered by the *eo nomine* provision for mackerel in paragraph 273.

On the hearing before the board the importers established by the testimony of Dr. R. C. Osburn, professor of zoology at Columbia University and assistant director of the New York Aquarium, that the tunny fish belongs to the mackerel family of fishes and is a large fish ranging in weight from five hundred to more than one thousand pounds. It appeared from the testimony of this witness that the members of the mackerel family are known to the ichthyologist as *Scombridæ* and that the peculiarities which mainly distinguish them

---

[1] Reported in T. D. 35436 (28 Treas. Dec., 850).

from other fishes are the pointed form of head, a very narrow base or peduncle of the tail, keels on the side of the tail and base, characteristic scales, two dorsal fins, and a series or string of finlets behind the dorsal fin and the anal fin. Dr. Osburn said that the designation *Scombridæ* embraces a half dozen or more common genera, each of which includes several species. The various members of the mackerel family are, it seems, identified not only by scientific names but also by such common or popular designations as tunny, ocean bonito, albacore, Spanish mackerel, chub, common mackerel, etc. The tunny belongs to the genus *Thynnus* or *Thunnus.* The Spanish mackerel is classified as a species of the genus *Scomberomoros,* and the common mackerel and the chub mackerel as species of the genus *Scomber.* The ichthyological name of the common mackerel is *Scombrus.*

On this testimony and the dictionary definitions, which classify the tunny as a member of the mackerel family, the importers contend in a very carefully prepared brief that the tunny fish is a mackerel and therefore dutiable as claimed in their protest.

Without doubt the tunny is, scientifically speaking, a member of the mackerel family, and that scientific classification is unquestionably recognized by most, if not all, modern dictionaries. Nevertheless, the fact remains that such a classification is purely scientific and can not be accepted as determinative of the common, ordinary, and popular meaning of the term "mackerel." Whether a fish is of one kind or another and what name it should bear is determined by the scientist in accordance with scientific rules founded on the scientific truth that fishes are distinguished by peculiarities and characteristics upon the basis of which they may be systematically classified and separated into designated families, subfamilies, genera, and species. It can not be said, however, that such designations and classifications have been popularly recognized or that the popular names of fishes have been adopted in pursuance of any rule which would bring such names into harmony with those sanctioned by science. Indeed, it is a matter of common knowledge that many popular names have been applied to fishes and other things wholly without regard to scientific usage or classification, and that such designations not infrequently are to the scientist shockingly incorrect. Therefore, notwithstanding the fact that science has given the name "mackerel" to a whole family of fishes, popular usage may limit the designation to a particular species of the family or extend it to fishes which, scientifically speaking, are not mackerel at all. As tariff acts are drafted not in the terms of science, but in the language of commerce, which is presumptively that in common use, it follows that even if the tunny fish be a mackerel according to scientific terminology, it can not be classified as such for customs purposes unless it be popularly or commercially so regarded. We think that we may say with perfect confidence that the term

"mackerel," as it is popularly understood and ordinarily used, does not include the tunny fish, and that such is the case is best evidenced by the fact that no man, even if he were an ichthyologist, ordering a brace of mackerel for his morning meal, would expect to receive in return from his marketman or grocer a couple of tunny fish some 15 feet long and weighing a half ton each.

Of course names and designations may be given by trade and commerce a signification and meaning different from that popularly assigned to them, and in such case such trade meaning and signification must control in the interpretation of tariff acts. In this case, however, the record contains no evidence whatever that "mackerel" has received in the trade any other meaning than that popularly assigned to it. Whatever testimony was offered to show commercial designation was introduced by the Government, and while that testimony did not satisfactorily establish that the designation "mackerel" had a special trade signification, it did prove without contradiction that tunny fish were not bought or sold as mackerel and that an order for mackerel would not be considered as filled by a delivery of tunny fish.

The merchandise is fish, salted, skinned and boned, and at the same time fish in tin packages, and in accordance with the principle laid down in Benson *v.* United States (4 Ct. Cust. Appls., 467; T. D. 33882) and reaffirmed in Chee Chong & Co. *v.* United States (5 Ct. Cust. Appls., 556; T. D. 35194), the importation is dutiable as assessed under the provisions of paragraph 270.

The decision of the Board of General Appraisers is *affirmed.*