(C. D. 231)

BALFOUR, GUTHRIE & CO., LTD. *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 14, 1939)

*John F. Kavanagh* for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*John J. McDermott,* special attorney, and *Frank X. O'Donnell, Jr.,* junior attorney), for the defendant.

Before Evans, Brown, and McClelland, Judges

McClelland, Presiding Judge: This protest is directed against the assessment of duty on oil obtained from turtles at the rate of 20 per centum ad valorem under the provision in paragraph 52 of the Tariff Act of 1930 for animal oil, not specially provided for, plus 3 cents per pound under the provision in section 601 (c) (8) of the Revenue Act of 1932 as amended by section 702 of the Revenue Act of 1938 for inedible animal oil. The grounds of objection to the collector's assessment stated in the protest are that the merchandise is entitled to free entry under paragraph 1764 of the Tariff Act of 1930 for "skeletons and other preparations of anatomy," or alternatively, under the provision in paragraph 1790 for "turtles," but that in any case it is not subject to duty under the revenue act, *supra*. The claim under paragraph 1764, *supra*, was not pressed, and evidently the claim relied upon under the Tariff Act of 1930 is the alternative claim made under paragraph 1790.

There is a considerable amount of testimony in the record as to the chemical analysis of the oil in question but we are convinced that there is no real question as to its chemical ingredients or the extent of its liquidity. It appears that the merchandise is derived from a species of turtle known as Seychelles turtles, found on an island near Madagascar. It is established by the record that such turtles are terrestrial or land turtles and are incapable of marine existence. No sample of the oil is before us, but it is described by witnesses as being in its imported condition in a semisolid state.

There is no question but that a turtle is a reptile and that it is also an animal. Plaintiff's contention that the merchandise is not classifiable as "animal oil" is based upon the fact that at least one scientific authority—Thorpe, in his "Industrial Chemistry"—in listing animal oils entirely omits oils derived from reptiles. We do not conclude from that fact, however, the reptile oils are not commonly or commercially regarded as animal oils. Another equally well-known authority, Lewkowitsch, on Chemical Technology and Analysis of Oils, Fats, and Waxes, says at page 473 of Vol. II (Fifth Edition):

(2) Terrestrial animal oils.

Hitherto only four oils, viz sheep's foot, horse's foot, neat's foot oil, and egg oil had been described under this head, and no differentiation was made on account of their origin from quadrupeds and birds respectively, as egg oil seems to resemble the first-named three oils in many respects, such as low iodine value elaidin test.

*Oils from other classes of terrestrial animals did not offer sufficient practical interest to induce an examination.* * * * [Italics added.]

which would indicate that scientific writers such as Thorpe did not intend to exclude from the category of animal oils, oils other than those

named, but intended to describe only those known to have a practical value.

Further, it is well settled that tariff acts are written "not in the terms of science, but in the language of commerce, which is presumptively that in common use" (*Meyer & Lange* v. *United States*, 6 Ct. Cust. Appls. 181, T. D. 35436). In Webster's New International Dictionary, under the definition of "oil" we find the following:

According to their origin, oils are classed as vegetable, animal, and mineral oils.

This accords with our own view, that the term "animal oil" as used in the tariff and revenue acts, *supra*, refers to oil of animal origin, and there being no question but that Seychelles turtles are animals, we hold that the oil in question is properly dutiable under the Tariff Act of 1930 as classified by the collector, i. e., as animal oil under the provisions of paragraph 52 thereof, and plaintiff having failed to prove that it is inedible, we hold it is also properly classifiable under the provisions of section 601 (c) (8) of the revenue act, *supra*.

The protest is therefore overruled and the decision of the collector is affirmed. Judgment will issue accordingly.