CONCORD WATCH CO., INC. *v.* UNITED STATES (No. 4703)[1]

[1] C. A. D. 523.

**14**

United States Court of Customs and Patent Appeals, June 3, 1953

*Lane, Young & Fox (William H. Fox* of counsel) for appellant.

*Charles J. Wagner,* Acting Assistant Attorney General (*Joseph F. Donohue, Richard H. Welsh,* and *Alfred A. Taylor, Jr.,* special attorneys, of counsel), for the United States.

[Oral argument April 8, 1952, by Mr. Fox and Mr. Donohue; reargued April 14, 1953, by Mr. Fox and Mr. Welsh]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges [original argument before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, and WORLEY, Associate Judges]

GARRETT, Chief Judge, delivered the opinion of the court:

This is an appeal from the judgment entered by the Second Division of the United States Customs Court based upon its decision, C. D. 1348 (27 Cust. Ct. 57), overruling the importer's protest against the collector's classification of and duty assessment upon certain metallic articles which were attached to metal cases containing watch movements. The movements, cases, and other parts, when combined, constituted what are usually called desk (or table) watches.

The watch movements in the cases were classified under paragraph 367 (a) of the Tariff Act of 1930; the cases under paragraph 367 (f) of the Act, as modified by the reciprocal trade agreement with Switzerland set forth in T. D. 48093; and the parts here involved under paragraph 397.

The duties assessed upon the movements were not involved before the Customs Court and are not involved here.

Specifically, the duties here involved are those assessed upon stands (or "feet"), rings, and parts of frames which were attached to the

cases as imported, but which were classified and assessed with duty separately from the cases to which so attached, the classification, as has been stated, being under paragraph 397 of the 1930 Tariff Act.

The following descriptive matter is quoted from the decision of the trial court:

Exhibit 1 represents the item described on the invoice accompanying the entry as No. 73B, "round yellow metal calottes with ring." This exhibit also represents another item No. 73B except that it is described as "chromo plated round calottes with ring."

Illustrative exhibit 2 was introduced in evidence to show exhibit 1 with the movement removed.

Illustrative exhibit 3 is a photograph of item No. 38 described on the invoice as "gilt metal pendulette square 15 x 15 Style #760."

Illustrative exhibit 5 is a photograph representing item No. 61 described on the invoice as "gilt metal pendulette square 15 x 15 Style #547." It appears from the record that a sample of this timepiece was introduced as exhibit 4 but was subsequently withdrawn.

Illustrative exhibit 6 which, like illustrative exhibit 3, was a photograph of item No. 38 was also later withdrawn.

There were also introduced in evidence certain portions of two catalogs. Illustrative exhibit 7 comprises pages 29 to 53 of a catalog of Stolz Freres S. A., Le Locle (Suisse), exclusive of the illustrations therein marked "X." Illustrative exhibit 8 consists of a catalog of Arthur Imhof of Le Chaux-de-Fonds (Switzerland), exclusive of pages 26 through 32.

With respect to exhibit 1, the controversy hinges upon the question whether the metal ring, which is attached thereto and is so fashioned as to permit its adjustment to appropriate angles to hold the timepiece in proper position on a table, desk, or other surface where the time may be readily observed, is an integral part of the watchcase.

It is observed that exhibit 1 is a type of traveling watch which is so constructed as to lie flat when not in use for convenience in carrying it in a traveling bag or case.

Illustrative exhibits 3 and 5 depict conventional rectangular desk or table watches with bases or feet which enable them to stand erect, and the article represented by illustrative exhibit 5 has an additional decorative outer frame.

The last two paragraphs of the above relate to the specific items involved.

The decision also recited the action of the collector and stated the importer's claim as follows:

The collector classified the item invoiced as No. 73B (exhibit 1), whether of yellow metal or of chrome plating as follows: The cases as base metal watchcases within the purview of paragraph 367 (f) (4) of said act (19 U. S. C. 1001, par. 367 (f) (4)), as modified, *supra*, upon which duty was assessed at the rate of 10 cents each plus 25 per centum ad valorem, and the rings attached to the back of the cases as articles or wares not specially provided for, composed of base metal, within the provisions of paragraph 397 of said act (19 U. S. C. 1001, par. 397), and subject to duty at the rate of 45 per centum ad valorem.

With respect to the items invoiced as No. 38 and No. 61, *supra*, represented by illustrative exhibits 3 and 5, respectively, the collector's classification was as follows: The cases as watchcases in part of gold as provided in paragraph 367 (f) (2) of said act (19 U. S. C. 1001, par. 367 (f) (2), as modified, *supra*, dutiable at

40 cents each plus 30 per centum ad valorem; the so-called feet, bases, and certain outside portions of the watches [that is, the decorative outer frame] as articles or wares not specially provided for, within the scope of paragraph 397, *supra*, of the kind therein made dutiable at 65 per centum ad valorem.

Plaintiff claims that the rings on item No. 73B (exhibit 1) are integral parts of the cases and are subject to the same ad valorem rate of duty as was assessed on the cases, namely, 25 per centum. With respect to items No. 38 and No. 61 (illustrative exhibits 3 and 5, respectively), plaintiff contends that the feet, bases and other portions of the articles, which were assessed at 65 per centum ad valorem, are integral parts of the cases and hence subject to the same ad valorem rate of duty as was assessed on the cases, namely, 30 per centum.

The question presented is epitomized in the brief filed before us on behalf of the Government, as follows:

Whether the stands or feet, frames, and rings of the involved cases are properly classifiable as manufactures of metal, not specially provided for, under paragraph 397 as classified by the Collector, or as integral parts of the cases as claimed by the importer and dutiable under the appropriate provisions of paragraph 367 (f) as modified by the Swiss Trade Agreement, *infra*, at the same rates that were assessed upon the other portions of the cases of which appellant claims they are a necessary part.

For convenience of reference we here quote the pertinent portions of paragraph 367 (f) as modified by the Swiss Trade Agreement, and the full text of paragraph 397: [1]

Paragraph 367 (f), as modified by the Swiss Trade Agreement, T. D. 48093: All cases, containers, or housings, designed or suitable for the enclosure of. any of the movements, mechanisms, devices, or instruments provided for in paragraph 367, whether or not containing such movements, mechanisms, devices, or instruments, and whether finished or unfinished, complete or incomplete, except such containers as are used for shipping purposes only:

(2) If in part of gold, silver or platinum, or wholly of silver_____
40¢ each and 30% ad val.

\*     \*     \*     \*     \*     \*     \*

(4) If of base metal (and not containing gold, silver, or platinum)_____
10¢ each and 25% ad val.

Par. 397. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 65 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

It seems appropriate to state at this juncture that in paragraph 367, the statute itself makes it clear that watch movements and watch cases are separately classifiable for tariff purposes, and, although the movements may be fixed in cases particularly adapted to contain

---

[1] From the "Memorandum of Collector" which accompanied the transmission of the case to the Customs Court, it appears that the parts classified separately from the cases were "classified as (1) manufactures of metal n. s. p. f.; (2) gold plated articles at 45% and 65% respectively, under paragraph 397 of the Tariff Act of 1930."

particular movements, the cases and the movements may not be combined and assessed with duty as entireties. Even the movements themselves are separable for duty purposes according to certain defined measurements of width and the number of jewels used.

The foregoing was also true of section 367 of the Tariff Act of 1922. Indeed, the separability of watch movements and watch cases for tariff purposes appears to have been a characteristic of tariff legislation for many, many years and the various acts, so far as examined, have usually defined with particularity the elements or parts constituting watch *movements*, but we have not found in any act a legislative definition of watch cases; that is, there has been no statement in any legislative act describing component parts of watch cases.

In the instant case the trial court, after describing the articles as above set forth and after reviewing the testimony of the three witnesses called on behalf of the importer, said:

No evidence has been presented to establish that there is a commercial meaning for the word "cases" as used in said paragraph differing from its common meaning. It is too well settled in customs law to warrant lengthy discussion that "tariff acts are drafted * * * in the language of commerce, which is presumptively that in common use." *Meyer & Lange et al.* v. *United States*, 6 Ct. Cust. Appls. 181, T. D. 35436.

Reference to lexicographic authorities discloses the following definitions:

Funk & Wagnalls New Standard dictionary (1942): case, *n*, 1. Anything intended to enclose or contain something.

\*  \*  \*  \*  \*  \*  \*

4. An outer and enclosing part that protects what is within; as, the *case* of a watch or clock, * * * [Italics quoted].

Webster's New International Dictionary, Second Edition (1948):

case * * * 1. A box, sheath, or covering of any kind; as, a *case* for holding goods; a *case* for spectacles; the *case* of a watch, * * * [Italics quoted.]

In the light of the foregoing definitions,[2] it is clear that the provision in paragraph 367 (f), as modified, *supra*, for "cases * * * suitable for the *enclosure* of any of the movements * * * provided for in paragraph 367" [italics added] applies only to so much of the articles in controversy as are necessary to "enclose or contain" or to serve as a "covering" for the watch movements.

\*  \*  \*  \*  \*  \*  \*

Inasmuch as it appears from the testimony here presented and by reference to lexicographic authorities, *supra*, that a watchcase is that article which "encloses or contains" a watch movement, we must hold that the rings, bases, feet and outer frames are not integral parts of watchcases in a tariff sense inasmuch as they are not "designed or suitable for the enclosure of" watch movements.

Whereas it is true that the rings, base, feet, and outer frames attached to the articles in controversy are essential to the completeness of the particular desk watches, nevertheless, the watchcases as enclosures for watch movements are

---

[2] The brief on behalf of the Government quotes the following from other dictionaries:

A Standard Dictionary of the English Language (1910):

case n. 4. An outer and enclosing part that protects what is within; as, the *case* of a watch or clock; * * *

The Oxford Dictionary, Vol. II, Part 1 (1893):

case 2. The outer protective or covering part of anything, as the case of a watch, * * *

complete watchcases without said attachments. The rings, bases, feet, and outer frames can be readily separated from the cases proper, their sole function being to hold the watches as entities in position, and they do not serve the purpose to which watchcases are dedicated, namely, to enclose or contain watch movements.

We are unable to find that the rings, feet (or stands), and the decorative outer frames, the duty upon which is the matter here in controversy, constitute any part which is essential to the cases as enclosures of the watch movements. Without them the movements are fully enclosed. If they were articles necessary to make the *cases* complete the situation would be different, but the fact that they are useful in the support of the *desk watches as entireties* does not make them parts of the *cases* to which they are attached.

The several decisions cited in the brief for appellant have been studied with care. The facts upon which they rest are not similar to the facts here. In truth, no decision regarded as being directly in point has been cited, nor has any been found as a result of much independent research on our part. One somewhat analogous in principle is that of this court in *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851. The decision here is thought to be in harmony with that decision and with such pertinent decisions as are therein cited.

The judgment of the Customs Court is *affirmed*.