Concord Watch Co., Inc. v. United States (No. 4853)[1]

United States Court of Customs and Patent Appeals, January 20, 1956.

Lane, Young & Fox (William H. Fox of counsel) for appellant.

Warren E. Burger, Assistant Attorney General, Richard E. FitzGibbon, Chief, Customs Section, (Richard H. Welsh, trial attorney, of counsel), for the United States.

[Oral argument December 6, 1955, by Mr. Fox and Mr. Welsh]

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON (retired), Associate Judges

O'CONNELL, Acting Chief Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, C. D. 1700, overruling the importer's protest against the classification and rate of duty assessed upon certain metallic articles which were attached to metal cases containing watch movements. The movements, cases and other parts, when combined, constituted table or desk watches. The classification of the movements is not here involved. The sole issue relates to the metallic articles in question consisting of rings, feet, posts, bases and outer

[1] C. A. D. 606.

frames attached to or associated with the casings which support the same and actually form enclosures for the movements.

The instant case is a retrial of the issues decided adversely to appellant by the Customs Court in *Concord Watch Co., Inc.* v. *United States*, 27 Cust. Ct. 57, C. D. 1348, and affirmed 41 C. C. P.A. (Customs) 13, C. A. D. 523, suit No. 4703, wherein it was held that certain metal rings, posts and feet or bases such as are involved in the instant case could not properly be considered to be parts of cases within the meaning of paragraph 367 (f) of the Tariff Act of 1930 as modified by the trade agreement between the United States and Switzerland (69 Treas. Dec. 74, T. D. 48093). The record in the earlier *Concord* case hereinbefore described was incorporated in the instant case.

The following pertinent matter is quoted from the decision of the Customs Court in the instant case:

Exhibits introduced by plaintiff [appellant] are identified as follows:

Exhibit 1, sample of the items invoiced as "round 8 day alarm, round yellow metal calottes with ring." The ring is an item in dispute. This exhibit was also exhibit 1 in suit No. 4703, *supra*.

Illustrative exhibit 2, same as exhibit 1, except that it does not contain the movement. This was illustrative exhibit 2 in suit No. 4703, *supra*.

Exhibit 3, sample of the desk watch invoiced as item #38 and described as "gilt metal pendulette square, 7½ x 7½, Style #728." The posts and feet of said desk watch are items in dispute.

Illustrative exhibit 4, photograph of a desk watch identical to exhibit 3, except that it is larger. The posts and feet of this desk watch are also in dispute.

Illustrative exhibit 5, photograph depicting the table or desk watches invoiced as "round gilt metal T. D. pendulette." The feet and bases are items in dispute.

Illustrative exhibit 6, leather pouch which can be used to enclose exhibit 1 when it is carried in a handbag while traveling.

Illustrative exhibit 7, man's leather strap wristwatch.

Illustrative exhibit 8, man's water-resistant strap watchcase.

Collective illustrative exhibit 9, so-called shells for men's strap wristwatches.

Illustrative exhibit 10, shell, so-called, for a lady's bracelet watch.

Collective illustrative exhibit 11 represents what plaintiff's witness Wessell identified as a complete case for a desk or table watch.

Collective illustrative exhibit 11-A consists of what plaintiff's witness Wessell designated as the shell part of collective illustrative exhibit 11.

Collective illustrative exhibit 11-B consists of the feet and base of collective illustrative exhibit 11.

Collective illustrative exhibit 12, folding leather case containing a metal watch-case.

Illustrative exhibit 13, metal article which, according to plaintiff's witness William Zint, consists of a part of a traveling watchcase.

The exhibits in the incorporated record (suit No. 4703) may be listed as follows:

Exhibit 1, sample of one of the items now in controversy.

Illustrative exhibit 2, which is illustrative exhibit 2 in the present case.

Illustrative exhibit 3, photograph of item No. 38, not in controversy here.

Exhibit 4, sample of a timepiece, subsequently withdrawn.

Illustrative exhibit 5, photograph of the timepiece which was originally received as exhibit 4.

The pertinent portions of the applicable statutes as modified, read as follows:

Paragraph 367 (f). All cases, containers, or housings, designed or suitable for the enclosure of any of the movements, mechanisms, devices, or instruments provided for in paragraph 367, whether or not containing such movements, mechanisms, devices, or instruments, and whether finished or unfinished, complete or incomplete, except such containers as are used for shipping purposes only:

 (1) If made of gold or platinum_____ 75¢ each and
                          30% ad val.
 (2) If in part of gold, silver, or platinum, or wholly of silver_ 40¢ each and
                          30% ad val.

  *   *   *   *   *   *   *

 (4) If of base metal (and not containing gold, silver or plat- 10¢ each and
   inum).                         25% ad val.

The said rings, feet, posts, bases and outer frames have been classified and held to be dutiable as articles or wares not specially provided for, in chief value of metal, at the appropriate rates provided for in paragraph 397 of the Tariff Act of 1930, according to the component material of chief value. It reads:

Par. 397. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 65 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

It is the contention of the importer, the appellant here, that the parts in question should have been held dutiable at the appropriate rates as portions of cases under paragraph 367 (f) of that Act, as modified. The issue presented is more specifically thus set forth in appellant's brief:

The question thus presented to this Court for determination is whether the metal rings, posts, feet, and bases, held by the lower court to be dutiable under Paragraph 397, as classified by the Collector, are integral and essential parts of the cases of the imported table watches and, as such, dutiable at the same ad valorem rates that were assessed upon the other portions of the cases under the provisions of Paragraph 367 (f), as modified. In other words, whether the cases of the imported table watches are entireties, in which event no part of said cases would be properly dutiable under Paragraph 397.

While some of the parts in controversy were discussed individually in the testimony, it is not necessary to consider them in that manner here. None of those parts actually performs any function in enclosing the movement of a timepiece. They are attached to the enclosing parts and serve to support the timepiece in the desired position.

In our decision in the incorporated case above referred to we considered metallic parts corresponding to those involved here and said with respect to them:

We are unable to find that the rings, feet (or stands), and the decorative outer frames, the duty upon which is the matter here in controversy, constitute any part which is essential to the cases as enclosures of the watch movements. Without them the movements are fully enclosed. If they were articles necessary to make the *cases* complete the situation would be different, but the fact that they are useful in the support of the *desk watches as entireties* does not make them parts of the *cases* to which they are attached. [Italics quoted.]

In the appellant's brief in the instant case it is conceded that "It is quite evident that a movement cannot be enclosed in the metal parts in issue, and that they are not a part of that portion of the respective cases at bar which encloses the movement." The sole issue to be determined here, therefore, in the final analysis is the correctness of our former holding that parts which are attached to the members which enclose the movement of a timepiece, but do not themselves perform any enclosing functions, are not parts of the case of the timepiece.

It is urged by appellant that new evidence offered by it in the instant case justifies a conclusion different from that reached by this court in the incorporated case. In particular, it is alleged that such evidence establishes that in the accepted commercial interpretation in the wholesale watch and clock trade, parts of the kind here in controversy are considered parts of the case of the timepiece. The appellant contends that when the dictionary definitions of the word "case" are considered in the light of the trade understanding and meaning of that word, the commercial and common meanings must be found to be the same and to be in accord with appellant's position as above stated.

It is true that appellant's witness Wessell gave testimony to the effect that supporting elements of a timepiece, which are essential to its use for its intended purpose, are considered, in the trade, to be parts of the case, even though they do not assist in enclosing the movement, and it was stipulated that four additional named witnesses, if called would corroborate Wessell's testimony. However, as pointed out in the Government's brief, Wessell admitted that the only things he had actually bought in the United States under the designation "watch case" were strap watch cases and cord watch cases and that in this country he had not bought any bases, stands or frames comparable to those here involved. Under these circumstances it is questionable whether the appellant's evidence establishes a distinct commercial meaning of the word "case"; and we consider such evidence clearly insufficient to show that the common meaning of that word is other than what we held it to be in the incorporated case.

Moreover, evidence as to the meaning of a term in commerce cannot be controlling if it appears from the context of the statute under consideration that Congress intended a different meaning,

*United States* v. *Stone & Downer Co., et al.*, 16 Ct. Cust. Appls. 82, T. D. 42732, and authorities there cited, and we agree with the Customs Court that the context of paragraph 367 (f), here under consideration, clearly indicates a legislative intent at variance with the appellant's contention. That paragraph is limited to cases, containers or housings which are "designed or suitable for the enclosure of any of the movements, mechanisms, devices or instruments provided for in paragraph 367." That language seems clearly to limit the word "case" to parts which enclose the movement, and there is nothing to suggest an intention to include as portions of the case all parts which are essential to the intended operation of a timepiece.

It is contended by the appellant that the rings, feet, bases and frames here involved, together with the parts which enclose the movements, constitute entireties which are complete articles of commerce. However, in order to support the classification contended for here by the appellant, it must appear not only that the elements referred to constitute entireties, but also that such entireties are cases within the meaning of paragraph 367 (f). For the reasons given above, we are of the opinion that the elements here in controversy do not form parts of cases.

Upon careful consideration of the record herein and in the incorporated case, and viewed in the light of the briefs and arguments of the parties, we find no reason for departing from our former conclusion that the parts here involved were properly classified by the collector under paragraph 397 of the Tariff Act of 1930, and the judgment of the Customs Court is accordingly *affirmed*.

JACKSON, Judge, retired, recalled to participate.