(C. D. 1980)

Concord Watch Co., Inc. *v.* United States

United States Customs Court, Second Division

(Decided April 16, 1958)

*Lane, Young & Fox* (*William H. Fox* and *William Whynman* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Richard H. Welsh*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The Concord Watch Co., Inc., imported certain types of desk or table watches. Watches in their entirety are not specifically provided for; neither is there an *eo nomine* provision for "parts of watches," movements and cases being separately classifiable for duty.

The issue raised by these proceedings is whether certain portions of the watches in controversy, consisting of metallic stands (or feet), bases, rings, and outer parts of frames which are attached to the cases containing the watch movements, are separately dutiable. The duty assessed upon the watch movements as such is not challenged. Some of the watchcases were classified by the collector of customs in paragraph 367 (f) (2) and others in paragraph 367 (f) (4) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 367 (f) (2) and (f) (4)), and duties were assessed pursuant to the modifications provided by the reciprocal trade agreement with Switzerland, 69 Treas. Dec. 74, T. D. 48093.

The metallic stands (or feet), bases, rings, and outer parts of frames were classified in paragraph 397 of said act (19 U. S. C. § 1001, par. 397) at the appropriate rate depending upon the type of metal contained in those respective parts.

Plaintiff contends that the parts classified in paragraph 397 were integral or essential parts of the cases to which they were attached and, as such, should be treated as entireties and classified at the appropriate rates provided in paragraph 367, *supra*.

## The Statutes

Tariff Act of 1930:

Par. 397.    Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 65 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

Paragraph 367 (f), as modified, *supra*:

All cases, containers, or housings, designed or suitable for the enclosure of any of the movements, mechanisms, devices, or instruments provided for in paragraph 367, whether or not containing such movements, mechanisms, devices, or instruments, and whether finished or unfinished, complete or incomplete, except such containers as are used for shipping purposes only:

\*          \*          \*          \*          \*          \*          \*

(2) If in part of gold, silver, or platinum, or wholly of silver_____ 40¢ each and 30% ad val.

\*          \*          \*          \*          \*          \*          \*

(4) If of base metal (and not containing gold, silver, or platinum)_____ 10¢ each and 25% ad val.

## The Exhibits

Plaintiff introduced the following exhibits:

Exhibit 1—complete table or desk watch as imported, the ring the item in dispute.

Illustrative exhibit 2—same as exhibit 1, except that the movement has been removed, the ring the item in dispute.    (Note:    Exhibits 1 and 2 are the same exhibits 1 and 2 which were used in the two previous *Concord* cases to which reference will be made, *infra*.)

Illustrative exhibit 3—photograph of two complete desk watches, the portions marked "X" the items in dispute.

Illustrative exhibit 4—photograph of the front and back of a complete desk watch, the portion marked "X" the item in dispute.

Illustrative exhibit 5—photograph of a desk watch, the portions marked "X" the items in dispute.

Illustrative exhibit 6—gun metal watchcase, with a bow, duster, and back case.

Illustrative exhibit 7—waterproof wrist watchcase, with pins for attaching strap or metal band.

Illustrative exhibit 8—complete watch.

Illustrative exhibit 9—complete desk watch, the base the portion in dispute.

Illustrative exhibit 10—the same as exhibit 9, except that the movement has been removed, the base the portion in dispute.

These proceedings are in reality a retrial of the issues previously reviewed and decided by this court in *Concord Watch Co., Inc.* v. *United States*, 27 Cust. Ct. 57, C. D. 1348, affirmed in *id.* v. *id.* (suit No. 4703), 41 C. C. P. A. (Customs) 13, C. A. D. 523; and *id.* v. *id.*, 34 Cust. Ct. 168, C. D. 1700, affirmed in *id.* v. *id.* (suit No. 4853), 43 C. C. P. A. (Customs) 40, C. A. D. 606. The records in those cases have been incorporated in the present record.

At the trial herein, plaintiff called four witnesses, namely, Aaron Balmages, Robert L. Wessell, Adrian Lorenzelli, and William Zint, all of whom, with the exception of Lorenzelli, gave testimony in the incorporated records.

As indicated earlier in this opinion, the issue herein, as in the former *Concord* cases, is whether the metallic stands or feet, bases, rings, and outer parts of frames of the various watches or clocks in the importations here in controversy should be regarded as integral or essential parts of the cases to which they are attached and, as such, treated as entireties and classified at the appropriate rates provided in paragraph 367, *supra*.

By reason of the zeal and persistence of plaintiff and the obvious belief in its claim, we have examined the record with extreme care, but find nothing therein which persuades us that we should recede from the conclusions reached by this court and our appellate court in the two earlier *Concord* cases.

Plaintiff, in a new approach to the issue herein, urges consideration of the legislative history of paragraph 367, *supra*, and its predecessor provisions, and points to paragraph 367 (f) as including all cases "whether finished or unfinished, complete or incomplete, except such containers as are used for shipping purposes only."

Reference is made by plaintiff to the language in paragraph 367 (f), when first introduced and passed by the House (confidential print No. 1, May 4, 1929), reading as follows:

All cases, containers, or housings, designed or suitable for the enclosure of any of the foregoing movements, mechanisms, devices or instruments, finished or unfinished, complete or incomplete.

The language above quoted was amended by the Senate Finance Committee (confidential committee print, August 19, 1929, page 97) to read:

(f) All cases, containers, or housings, designed or suitable for the enclosure of any of the foregoing movements, mechanisms, devices or instruments (finished or unfinished, complete or incomplete) whether or not containing such move-

ments, mechanisms, devices or instruments and whether finished or unfinished, complete or incomplete, except such containers as are used for shipping purposes only.

It should be noted that the words in parenthesis were deleted by the Senate and the underscored words inserted.

Plaintiff further points out, in its brief, that Mr. Smoot, on behalf of the Senate Finance Committee, made the following comment upon the amendment (Report No. 37 to accompany H. R. 2667, September 4, 1929, page 17):

Subparagraph (f): The new phraseology insures that cases for any mechanism, device or instrument dutiable under this paragraph shall be assessed hereunder regardless of the condition in which imported and definitely excludes light containers used as shipping containers and which have no use as permanent cases for mechanisms.

Since the language proposed by the Senate Finance Committee was enacted into law, plaintiff concludes that "It is evident from a consideration of the tariff and legislative history of Paragraph 367 (f) that it was the Congressional intent that *any case*, irrespective of its condition when imported, should be classified thereunder, provided that it is *designed* or *suitable for the enclosure* of the articles described in Paragraph 367 (a). The Courts have consistently held that suitability of use does not necessitate actual use."

It is further contended by plaintiff, in its brief, that there is nothing in paragraph 367 (f) which indicates that Congress intended only those portions of a case which enclose the movement to be classified therein; that such a construction would disregard the provision for finished or complete cases; and, hence, that a movement "may or may not be completely enclosed."

It is interesting to trace the provisions of the statutes, beginning with the Tariff Act of 1897, providing for watch movements and cases and clocks:

Tariff Act of July 24, 1897, paragraph 191:

Watch movements, whether imported in cases or not, * * * watch cases and parts of watches, including watch dials, chronometers, box or ship, and parts thereof, clocks and parts thereof * * *.

Tariff Act of August 5, 1909, paragraph 192:

Watch movements, including time-detectors, whether imported in cases or not, * * * watch cases and parts of watches, chronometers, box or ship, and parts thereof * * * lever clock movements * * * and clocks containing such movements * * * all other clocks and parts thereof * * *.

Tariff Act of October 3, 1913, paragraph 161:

Watch movements, whether imported in cases or not, watchcases and parts of watches, chronometers, box or ship, and parts thereof, lever clock movements * * * and clocks containing such movements, all other clocks and parts thereof * * *.

Tariff Act of September 21, 1922: ·

PAR. 367.  Watch movements, whether imported in cases or otherwise, assembled or knocked down * * * watchcases and parts of watches, chronometers, box or ship, and parts thereof * * *.

PAR. 368.  Clocks and clock movements, including lever clock movements, and clockwork mechanisms, cased or uncased, whether imported complete or in parts * * * cases and casings for clockwork mechanisms imported separately * * *.

Tariff Act of June 17, 1930:

PAR. 367.  (a)  Watch movements, and time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments * * *:

\*          \*          \*          \*          \*          \*          \*

(f)  All cases, containers, or housings, designed or suitable for the enclosure of any of the foregoing movements, mechanisms, devices, or instruments, whether or not containing such movements, mechanisms, devices, or instruments, and whether finished or unfinished, complete or incomplete, except such containers as are used for shipping purposes only:

PAR. 368.  (a)  Clocks, clock movements, including lever movements, clockwork mechanisms * * *:

\*          \*          \*          \*          \*          \*          \*

(e)  Cases, containers, or housings suitable for any of the movements, mech anisms, devices, or instruments enumerated or described in this paragraph * * *.

It is significant that, for the first time, Congress took occasion to specifically define in paragraph 367 (f) of the present act all cases, containers, or housings to be those "designed or suitable for the enclosure of any of the foregoing movements, mechanisms, devices, or instruments."  The words "designed or suitable" for the enclosure of the articles mentioned have been defined and interpreted in the two previous *Concord* cases and that construction of the phrase would, therefore, seem to be *stare decisis*.  Consequently, the further language of paragraph 367 (f) "whether finished or unfinished, complete or incomplete," must find its appropriate application to such cases, containers, or housings as are "designed or suitable" for the purpose indicated and as interpreted by this and our appellate court in the two *Concord* cases.

In the first *Concord* case, 41 C. C. P. A. (Customs) 13, C. A. D. 523, our appellate court pointed out that, in paragraph 367, the statute clearly indicates that watch movements and watchcases are separately classifiable for tariff purposes; that cases and movements may not be combined and classified as entireties; and that movements were separately dutiable according to certain defined measurements of width and the number of jewels therein.  With regard to cases, the court said "* * * but we have not found in any act a legislative definition of watch cases; that is, there has been no statement in any legislative act describing component parts of watch cases."  The court then

quoted findings of this court in that case to the effect that a watchcase is that article which "encloses or contains" a watch movement; the rings, bases, feet, and outer frames are not integral parts of watchcases in a tariff sense, since they are not "designed or suitable for the enclosure of" watch movements; that, whereas those features attached to the desk watches were essential to the completeness of the particular desk watches in controversy, nevertheless, the watchcases as enclosures for watch movements were complete watchcases without said attachments.

In conclusion, the court stated:

We are unable to find that the rings, feet (or stands), and the decorative outer frames, the duty upon which is the matter here in controversy, constitute any part which is essential to the cases as enclosures of the watch movements. Without them the movements are fully enclosed. If they were articles necessary to make the *cases* complete the situation would be different, but the fact that they are useful in the support of the *desk watches as entireties* does not make them parts of the *cases* to which they are attached. [Italics quoted.]

It is noteworthy that, in paragraph 368 of the Tariff Act of 1922, Congress provided for clocks and clock movements, "cased or uncased"; and, in paragraph 368 of the Tariff Act of 1930, it provided in subparagraph (a) for clocks and clock movements; and, in subparagraph (e), it provided for "cases, containers, or housings suitable for any of the movements * * * described in this paragraph * * *."

As we pointed out earlier in this opinion, Congress, in drafting paragraph 367 (f) of the Tariff Act of 1930, saw fit to be more emphatic in its treatment of cases for watch movements by limiting the provision to such cases as were "designed or suitable for the enclosure" of the movements.

The most that can be said of the testimony of the witnesses introduced at the trial herein is that they attempted to place an interpretation upon the language of paragraph 367 (f) different from that expressed by this court and by our appellate court in the *Concord* cases, *supra*.

Stated in its simplest terms, the difference of opinion between the plaintiff and the defendant is this: Are the rings, feet, bases, etc., parts of the cases or are they parts of the watches? The courts having held that they are not necessary to the enclosure of the movements, it would seem that that question has been settled and laid at rest. Parenthetically, it may be noted that, in its opening statement at the trial, counsel for plaintiff remarked:

* * * Of course, the case is not new, the problem is not new. It has been before this court on two different occasions not only this court but likewise before the court of appeals.

It will be recalled that, in the second trial of this issue, plaintiff contended that the word "case" in paragraph 367 (f) means a "complete" case.

In our decision therein (34 Cust. Ct. 168, 172, *supra*), we stated:

At the retrial of this subject matter, plaintiff proceeded upon the theory expressed in point 2 of its brief as follows:

The word "case" in the wholesale watch and clock industry refers to and means a complete case, and does not refer to and mean only that portion of a case which encloses, or contains, or serves as a covering for the movement.

We then quoted some of the testimony of plaintiff's witness, Wessell, and concluded therefrom that the rings and other items attached to the cases were not for the purpose of enclosing the movements but were merely appropriate supports for the watches.

We also referred to illustrations in exhibit 7, which were introduced in the first *Concord* case, *supra*, to indicate some of the peculiar results which might flow from holding that the supporting members of a table watch were to be regarded as part of the watchcase.

We are clearly of the opinion that the new evidence introduced herein does not compel a different conclusion from that arrived at in the former cases. As appropriately stated by our appellate court in the second *Concord* case, 43 C. C. P. A. (Customs) 40:

* * * evidence as to the meaning of a term in commerce cannot be controlling if it appears from the context of the statute under consideration that Congress intended a different meaning, *United Statss* v. *Stone & Downer Co.*, *et al.*, 16 Ct. Cust. Appls. 82, T. D. 42732, and authorities there cited, and we agree with the Customs Court that the context of paragraph 367 (f), here under consideration, clearly indicates a legislative intent at variance with the appellant's contention.

Upon reviewing the entire record and for the foregoing reasons, we find no grounds for departing from our conclusion in the former *Concord* cases above cited.

The protest is overruled in all respects and judgment will issue accordingly.